**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MADELAINE HOLLAND,
Plaintiff,

v.

THE CITY OF COUNTRY CLUB HILLS,
STEVEN BURRIS, ANTHONY DAVIS,
JOHN EDWARDS, VINCENT LOCKETT,
FRANK MARTIN, CYNTHIA SINGLETON,
LEON WILLIAMS,
Defendants.

## COMPLAINT

Plaintiff, Madelaine Holland, by and through her attorney, Amanda S. Yarusso,

complains of Defendants, the City of Country Club Hills ("City") and Steven Burris, Anthony

Davis, John Edwards, Vincent Lockett, Frank Martin, Cynthia Singleton, and Leon Williams

(collectively "Defendant-Aldermen"), and alleges as follows:

### NATURE OF ACTION

1.     This action arises out of the Defendants' political retaliation against, and wrongful

termination of Plaintiff, a former employee of the City.  Defendants terminated Plaintiff in

retaliation for her support of City Mayor Dwight Welch ("Mayor Welch") in his re-election

campaign during the spring of 2011.  Defendants Burris and Lockett ran against Mayor Welch in

the April 5, 2011 mayoral election.

2.     Mayor Welch was re-elected on April 5, 2011, defeating defendant Lockett; defendant

Burris having already dropped out of the race.  Having failed to unseat Mayor Welch, defendants

Burris and Lockett, along with the other Defendant-Alderman, targeted City employees that

supported Mayor Welch for reelection.  Specifically, defendants retaliated against Plaintiff and

other City employees for their support of Mayor Welch by terminating their employment with the City.

## PARTIES

3.      Plaintiff Madelaine Holland is a resident of Chicago, Illinois.  Plaintiff is a former employee of The City of Country Club Hills, Illinois.

4.      The City of Country Club Hills is a duly incorporated municipal corporation located in Cook County, Illinois.

5.      The City is the employer and principal of the Defendant-Aldermen.

6.      Each of the Defendant-Alderman is a resident and alderman of the City and is sued in his or her individual capacity.

7.      The Defendant-Aldermen, at all times relevant for this Complaint, acted under color of law and in the scope of their employment as employees of the City.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  Plaintiff's claims are brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9.      This Court has personal jurisdiction over each of the Defendants because they are residents of the State of Illinois.

10.     This Court has personal jurisdiction over Plaintiff because she is a resident of the State of Illinois.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because all of the Defendants reside within this District and the complained of actions occurred within this District.

## FACTS GIVING RISE TO THE COMPLAINT

12.     Plaintiff began working for the City in 2007 as a part-time administrative clerk in City

Hall.

13.     In May 2010, Plaintiff applied to be a full-time administrative assistant for the City Clerk

in Parks and Recreation.

14.     Plaintiff remained in the full-time administrative assistant position until June 10, 2011,

when she was placed on administrative leave with pay.

15.     The City terminated Plaintiff's employment effective July 11, 2011.

16.     Mayor Welch ran for re-election in the April 2011 elections.

17.     Defendants Burris and Lockett also ran for mayor in those elections.

18.     Plaintiff actively worked on Mayor Welch's campaign. Plaintiff engaged in door-to-door

campaign efforts, attended campaign meetings, handed out campaign literature, and worked the

election polls.

19.     Mayor Welch was re-elected on April 5, 2011, gathering approximately 57% of the vote

and defeating a challenge by defendant Lockett.

20.     Defendant Burris dropped out of the mayoral race prior to the election.

21.     Defendants Burris and Lockett, however, retained their seats as Aldermen on the City

Council.

22.     On April 29, 2011, Mayor Welch wrote a letter addressed to "All Elected Officials" and

"All City Employees."

23.     In April 29, 2011, letter, Mayor Welch explained that certain members of the City

Council, which is composed of the individual Defendant-Alderman and three other aldermen,

were proposing the elimination of several positions with the City for purposes of political retaliation.

24.     During May 2011, the City Council Finance Committee held meetings to discuss the City budget.

25.     During these May 2011, meetings, the Defendant-Aldermen openly discussed terminating the employment of several of Mayor Welch's supporters, including Plaintiff.

26.     In June 2011, the City placed Plaintiff and twelve other City employees on administrative leave with pay.

27.     All thirteen City employees placed on administrative leave supported Mayor Welch generally and during his re-election campaign.

28.     The City terminated Plaintiff's employment on July 11, 2011.

29.     Plaintiff's termination was in retaliation for her exercise of her First Amendment rights, i.e. her support of Mayor Welch.

## COUNT I
### First Amendment Claim Against the Defendant-Aldermen

30.     Plaintiff re-alleges the allegations set forth in paragraphs 1 through 27 above as if fully set forth herein.

31.     At all times relevant to this Complaint, Plaintiff had a First Amendment right to free speech.

32.     At all times relevant to this Complaint, Plaintiff had a First Amendment right to peaceably assemble.

33.     At all times relevant to this Complaint, Plaintiff had a First Amendment right to freedom of association.

34.     Plaintiff exercised her First Amendment rights, including the right to free speech, the right to peaceably assemble, and the right to freedom of association, by, *inter alia*, actively campaigning for, and on behalf of, Mayor Welch, including: engaging in door-to-door campaign efforts, attending campaign meetings, handing out campaign literature, associating with Mayor Welch and other supporters of Mayor Welch, and working at the polls during the April 2011 mayoral election.

35.     The above-referenced speech addressed matters of public concern.

36.     The Defendant-Aldermen retaliated against the Plaintiff for exercising her First Amendment rights by terminating her employment with the City.

37.     As a result of said retaliation, Plaintiff sustained damages, including lost wages, other monetary losses, and emotional distress.

## COUNT II
## First Amendment Claim Against the Defendant City

38.     Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 above as if fully set forth herein.

39.     At all times relevant to this Complaint, Plaintiff had a First Amendment right to free speech.

40.     At all times relevant to this Complaint, Plaintiff had a First Amendment right to peaceably assemble.

41.     At all times relevant to this Complaint, Plaintiff had a First Amendment right to freedom of association.

42.     Plaintiff exercised her First Amendment rights, including the right to free speech, the right to peaceably assemble, and the right to freedom of association, by, *inter alia*, actively campaigning for, and on behalf of, Mayor Welch, including: engaging in door-to-door campaign

efforts, attending campaign meetings, handing out campaign literature, associating with Mayor Welch and other supporters of Mayor Welch, and working at the polls during the April 2011 mayoral election.

43.     The above-referenced speech addressed matters of public concern.

44.     Defendant City, by and through the actions of a final policy-maker, the City Council, retaliated against Plaintiff for exercising her First Amendment rights by terminating her employment with the City.

45.     As a result of said retaliation, Plaintiff sustained damages, including lost wages, other monetary losses, and emotional distress.

<u>**COUNT III**</u>
**745 ILCS 10/9-102 Claim Against the Defendant City**

46.     Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 35 above as if fully set forth herein.

47.     At all times relevant to this Complaint, the City was charged with oversight of the Defendant-Aldermen.

48.     At all times relevant to this Complaint, the City was the employer and/or principal of the Defendant-Aldermen.

49.     The Defendant-Aldermen committed the above-referenced acts under color of law and in the scope of their employment as employees of the City.

**DEMAND FOR RELIEF**

WHEREFORE, plaintiff, Madelaine Holland, respectfully requests that this Court:

a. Enter judgment in her favor and against defendants on each Count of the Complaint;

b. Award plaintiff actual and compensatory damages in amounts to be proven at trial;

c. Award plaintiff punitive damages in amounts to be proven at trial;

d. Award plaintiff attorneys' fees and costs in bringing this action;

e. Award plaintiff pre- and post-judgment interest;

f. Direct the Defendant City to pay any judgment obtained against the Defendant-Aldermen in connection with this litigation;

g. Award plaintiff reinstatement to her prior position or another position of similar authority and compensation: and

h. Grant such other and further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury.


Respectfully submitted,


/s/ Amanda S. Yarusso_____
Attorney for the Plaintiff


Amanda S. Yarusso
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Tel: 773-510-6198
Email: amanda.yarusso@gmail.com